UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOHN JIANG, | Case No. 21-cv-03494-JST |
|---|---|
| Plaintiff, | |
| v. | **SCHEDULING ORDER** |
| L3HARRIS TECHNOLOGIES, INC, | |
| Defendant. | |

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings[1] | September 10, 2021 |
| Fact discovery cut-off | July 29, 2022 |
| Mediation deadline | April 29, 2022 |
| Expert disclosures | September 1, 2022 |
| Expert rebuttal | September 30, 2022 |
| Expert discovery cut-off | October 28, 2022 |
| Dispositive motion hearing deadline | November 3, 2022 |
| Pretrial conference statement due | January 6, 2023 |

---

[1] After this deadline, a party may still seek amendment, but must demonstrate good cause. Fed. R. Civ. P. 16(b)(4).

| Event | Deadline |
|---|---|
| Pretrial conference | January 13, 2023 at 2:00 p.m. |
| Trial | February 6, 2023 at 8:00 a.m. |
| Estimate of trial length (in days) | Six |

This case will be tried to a jury.

This case is referred to court-sponsored mediation.

Counsel may not modify these dates without leave of court. The parties shall comply with the Court's standing orders, which are available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

The Court has set a dispositive motion deadline which allows enough time for the Court to consider any such motions well in advance of trial. The parties should assume that any subsequent continuance of the dispositive motion deadline, or any enlargement of the dispositive motion briefing schedule beyond that set forth in Civil Local Rule 7-3, will result in a continuance of the pretrial conference and trial dates of equal or greater length.

The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and appear at trial on the noticed and scheduled dates. All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

Trial dates set by this Court should be regarded as firm. Requests for continuance are disfavored. The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant a continuance. The Court will not consider the pendency of settlement discussions as good cause to grant a continuance.

**IT IS SO ORDERED.**

Dated:   October 4, 2021



_____
JON S. TIGAR
United States District Judge